UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 04-260-C**

**ROGER HARPER and**
**DEBBIE HARPER,**                                                                                      **PLAINTIFFS,**

**V.**                    **MEMORANDUM OPINION AND ORDER**

**GARY GRIGGS and**
**CRETE CARRIER CORPORATION,**                                                  **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion in limine to exclude any and all evidence relating to the corporate defendant's Accident Review Board ("ARB") (DE 59) and the defendants' motion in limine to exclude evidence relating to other accidents involving Gary Griggs absent a prior showing of substantial similarity (DE 60). The court, having reviewed the record and being otherwise sufficiently advised, will grant the defendants' motion to exclude evidence of Griggs's other accidents and will grant in part and deny in part the defendants' motion to exclude the ARB evidence.

This action arises out of an automobile accident in which a truck driven by Griggs collided with a truck driven by the plaintiff, Roger Harper. At the time of the accident, Griggs was employed by Crete Carrier Corporation ("Crete"). Harper suffered injuries in the accident, and he and his wife, Debbie Harper, have filed various tort claims against Griggs and Crete.

The defendants have sought to exclude "any and all evidence relating to other accidents or incidents involving Gary Griggs, unless and until a hearing is held

outside the presence of the jury and the court determines that the other accidents are substantially similar to the accident at issue." In their response, the plaintiffs state that they "agree with the substance of the defendants' motion in limine [and] will not offer evidence of other accidents or incidents involving Gary Griggs without giving notice to the court and defense counsel out of the hearing of the jury. Plaintiffs' counsel does not anticipate that any such evidence will be offered." As the parties concur on this issue, the court will grant the defendants' motion to exclude any and all evidence relating to other accidents involving Griggs unless the court determines any such evidence is admissible outside of the presence of the jury.

The defendants also seek to exclude "any and all evidence relating to Crete's Accident Review Board ("ARB") and its consideration of the accident at issue in this litigation." According to the defendants, the ARB conducts an investigation following an accident and issues what is called a "preventable accident ruling." The purpose of this ruling is to determine whether an accident was preventable and to educate drivers as to how to prevent future accidents. Crete states that, following the accident at issue here, the ARB performed an investigation of it and issued a report.

The defendants have moved to exclude this ARB evidence on the grounds that it is irrelevant, *see* Fed. R. Evid. 401, 402; that it is unduly prejudicial, *see* Fed. R. Evid. 403; that it is inadmissible as a remedial measure, *see* Fed. R. Evid. 407; and that it is inadmissible lay opinion, *see* Fed. R. Evid. 701. They also claim

2

that public policy requires the exclusion of this self-critical analysis.

The court will first consider whether the ARB evidence is inadmissible as a subsequent remedial measure. Fed. R. Evid. 407 provides that "when, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is inadmissible to prove negligence . . . ." *See, e.g.*, *In re Air Crash Disaster*, 86 F.3d 498, 532 (6th Cir. 1996) (holding that internal memorandum issued after airplane crash recommending additional safety precautions was "part of a discussion about whether McDonnell Douglas should recommend the change in the future" and was inadmissible under Rule 407). On the other hand, "[p]ost-event tests or reports relating to the incident in question are generally held to be outside the scope of Rule 407 . . . on the basis that they are conducted . . . for the purpose of investigating the cause of the accident. They can rarely be characterized as 'measures' that, if conducted previously, would have reduced the likelihood of an accident." Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence Manual* § 7.04[1] (2006). This authority suggests that ARB evidence relating to the factual causes or circumstances of the accident should be admitted, but ARB evidence dealing with procedures or actions taken after the accident to render it less probable is inadmissible.[1]

---

[1] In their response, the plaintiffs claim that "[t]he review board evidence refers to evidence of preventive measures, not to evidence of remedial measures. . . . [P]reventive measures relate to what the defendants recognize they could have done before the injury to prevent [it]. Remedial measures relate to things done

The "critical self-analysis" doctrine discussed by the defendants provides theoretical support for this interpretation of Rule 407. In *Granger v. Nat'l R.R. Passenger Corp.,* 116 F.R.D. 507 (E.D. Pa. 1987), the plaintiff sought to compel disclosure of an accident report prepared by his employer after he was injured on the job. The defendants originally objected to disclosure under Rule 407, then withdrew that objection and claimed the report was inadmissible under the "critical self-analysis doctrine," which shields information when "public policy outweighs the needs of litigants . . .for access to information relevant to the litigation." *Id.* at 508. "One of the purposes of the doctrine is to prevent a 'chilling' effect on self-analysis and self-evaluation prepared for the purpose of protecting the public by instituting practices assuring safer operations." *Id.* at 509. Applying this principle, the court concluded that the defendant's analysis and recommendations following the accident were protected by the "critical self-analysis doctrine" because the production of those portions of the report would "hamper honest, candid self-evaluation geared toward the prevention of future accidents." *Id.* at 510. However, the court also held that portions of the report dealing with cause and contributing factors were discoverable because they were unrelated to any self-analysis but were merely part of all negligence cases. *Id.*

---

after an injury to prevent similar injuries in the future." Not only is the court unable to discern a significant difference in the plaintiffs' definition of remedial and preventive measures, their definition of remedial measures seems to coincide with how the defendants characterize the ARB evidence. Thus, this objection by the plaintiffs is unpersuasive.

Based on this precedent, the court concludes that ARB evidence of a conclusory nature is inadmissible as evidence in this case. Such evidence includes the ARB's thoughts, analyses, inferences, or deductions based on the factual circumstances of Griggs's accident, and their recommendations, changes in policy, or employment decisions in light of the accident. ARB evidence related to the empirical facts of the accident is, however, admissible. Such evidence encompasses any factual findings of the ARB, including evidence relating to the causes, circumstances, or damage caused by the accident.

Compliance with the court's holding in the above paragraph may require the redaction of the ARB report before it can be presented at trial. The court will therefore require the parties to excise the inadmissible portions of any ARB evidence to be presented at trial in accordance with this order. Failing an agreed redacted version of the ARB report, the court will view the report and excise inadmissible portions of it.

As previously noted, the defendants have objected to the introduction of the ARB evidence on grounds other than the critical self-analysis doctrine and Rule 407. Since the court is unaware of the exact nature of the ARB evidence the plaintiffs may wish to present and any objections by the defendants may be obviated by the redaction of such evidence, the court finds that any ruling on the defendants' other objections would be premature at this time. Therefore, the court will reserve judgment on these objections until it has had an opportunity to fully

consider the evidence in question.

The plaintiffs, in their response, submit other objections to the defendants' motion to exclude the ARB evidence, none of which are persuasive. First, the plaintiffs claim that it is impossible to tell what evidence the defendants' motion in limine seeks to exclude because it does not identify any document or testimony in particular. The defendants clearly state, however, that they seek to exclude "any and all evidence relating to Crete's Accident Review Board and its consideration of the accident at issue in this litigation." If the plaintiffs believe this request is overly vague, they can narrow the focus by offering the defendants and the court any ARB evidence they intend to present at trial. Second, the plaintiffs seem to suggest that this ARB evidence will be "admissible as admissions or statements against interest." This is irrelevant; the defendants have not objected to the admission of the evidence on hearsay grounds, and, even if these exceptions did apply, they would not remedy the evidentiary issues raised by the defendants.

Accordingly,

**IT IS ORDERED** that the defendants' motion in limine to exclude evidence relating to other accidents involving Gary Griggs absent a prior showing of substantial similarity (DE 60) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants' motion in limine to exclude any and all evidence relating to Crete's Accident Review Board (DE 59) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the parties shall excise portions of the ARB report which are rendered inadmissible by this order. Failing the parties' agreement, they shall submit separately to the court their proposed redacted versions of the ARB report not later than October 12, 2006 by letter addressed to the court at its chambers in Lexington, with a copy of that letter served on opposing counsel. The letter need not be filed in the record.

Signed on September 11, 2006

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**