UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 04-260-C**

**ROGER HARPER and**
**DEBBIE HARPER,**                                                                                    **PLAINTIFFS,**

**V.**                            **MEMORANDUM OPINION AND ORDER**

**GARY GRIGGS and**
**CRETE CARRIER CORPORATION,**                                                       **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' objections to the depositions of Drs. McDonald and Richardson (DE 100) and the defendants' motion in limine (DE 98). The court, having reviewed the record and being otherwise sufficiently advised, will overrule the defendants' objections in part and sustain them in part and will deny the defendants' motion in limine.

**I. Deposition Objections**

After the plaintiffs notified the defendants and the court that they intended to present the testimony of Drs. Sean McDonald and Gay Richardson by video deposition instead of live testimony, the defendants filed these objections to the introduction of the depositions. To avoid any unnecessary duplication in its analysis, the court will discuss the defendants' objections categorically when possible.

*A. Matters as to Which the Parties Agree*

The plaintiffs do not object to the removal of certain portions of the depositions of Drs. McDonald and Richardson. Specifically, the plaintiffs have

agreed to remove the following from the transcript and video of Dr. McDonald's deposition: (1) all material from page 46, line 3 through page 46, line 24; (2) all material from page 87, line 22 through page 89, line 11. The plaintiffs have also agreed to remove all material from page 73, line 16 through page 74, line 21 from the transcript and video of Dr. Richardson's deposition. The court considers any of the defendants' objections that relate to these portions of the depositions to be sustained by agreement.

*B. The Defendants' Objections to Form*

Fed. R. Civ. P. 32(d)(3)(A) provides that "[o]bjections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time." Rule 32(d)(3)(B) also states that "[e]rrors and irregularities occurring at the oral deposition . . . in the form of the questions or answers . . . are waived unless seasonable objection thereto is made at the taking of the deposition." The focus of Rule 32(d)(3) is on the necessity of making objections at a point in the proceedings where they will be of some value in curing the alleged error in the deposition. *Bahamas Agric. Indus. Ltd. v. Riley Stoker Corp.*, 526 F.2d 1174, 1181 (6th Cir. 1975).

> It is important that objections be made during the process of taking the deposition, so that the deposition retains some use at the time of trial; otherwise counsel would be encouraged to wait until trial to make any objections, with the hope that the testimony, although

>relevant, would be stricken altogether because of the manner in which it was elicited.

*Id.*; *see also Elyria-Lorain Broad. Co. v. Lorain Journal Co.*, 298 F.2d 356, 360 (6th Cir. 1961) (holding that an objection to leading question was waived because it was not made at deposition); *Jordan v. Medley*, 711 F.2d 211, 214 (D.C. Cir. 1983) (suggesting that an objection for failure to lay an adequate foundation would be waived if not presented at deposition).

With the exception of those relating to relevancy and hearsay, all of the defendants' objections are based on grounds which could have been cured at the time of the deposition and/or relate to the form of the question or answer.[1] To the extent that these objections were not raised at the deposition of Drs. McDonald and Richardson, the court holds that they are waived pursuant to Rules 32(d)(3)(A) and (B).

*C. Dr. McDonald's Deposition*

Aside from those that they failed to preserve, the defendants raise only three objections to the questioning of Dr. McDonald, all of which are based on relevancy. The defendants claim that the questions asked by the plaintiffs' counsel regarding whether Dr. McDonald believed Roger Harper's accident contributed to his pain and

---

[1] For example, the defendants claim that many of the plaintiffs' deposition questions are leading, argumentative, and overly broad; that they lack foundation or call for speculation; and that they are based on facts not in evidence. Had the defendants proffered such objections during the deposition, the plaintiffs' counsel could have easily altered his questions to remedy these defects.

3

neck condition[2] seek irrelevant evidence. Since the plaintiffs allege that Roger Harper's accident with Gary Griggs caused his physical ailments, these questions are highly probative. The defendants also object to the plaintiffs' counsel's question regarding the reasonableness of Roger Harper's medical bills.[3] However, the amount of Roger Harper's bills is probative of the damages to which he is entitled. The court will overrule the defendants' objections to the deposition of Dr. McDonald except to the extent that they have been sustained by agreement.

*D. Dr. Richardson's Deposition*

Excluding the grounds that relate to objections that they have not preserved, the defendants object to the deposition of Dr. Richardson only on relevancy and hearsay grounds.

i. Relevancy Objections

The majority of the defendants' objections to relevancy in Dr. Richardson's deposition relate to questions which probe Dr. Richardson's opinion of Roger Harper's medical condition and the relationship between the automobile accident at issue and that condition.[4] As previously noted, such questions are at the core of the causation and damages inquiries, which are disputed issues in this case. The

---

[2] *See* page 18, line 10; page 39, line 19

[3] *See* page 51, line 2.

[4] *See* page 9, line 11; page 21, line 4; page 24, line 16; page 36, line 23; page 38, lines 2, 10; page 43, line 20; page 67, line 21; page 68, lines 2, 5; page 70, lines 9, 18; page 71, lines 16-21; page 72, line 13; page 73, line 7; page 82, line 19; page 83, lines 2, 20.

court will overrule these objections.

The defendants also object to the line of questioning involving the functional capacity evaluation and functional impairment rating evaluation that were performed on Roger Harper.[5] These evaluations were completed to assess Roger Harper's capability to work following his accident and the degree to which his psychological impairments are attributable to his physical condition. These issues are controverted in this case, and the portions of the deposition relating to these questions are therefore relevant.

Finally, the defendants object on relevance and hearsay grounds[6] to the colloquy between the plaintiffs' counsel and Dr. Richardson regarding the reasonableness of Roger Harper's medical bills.[7] The reasonableness of any medical treatment is probative of the damages incurred by the plaintiffs, and the court will therefore overrule these objections. To the extent that the defense objection at page 39, line 10 relates to Dr. Richardson's lack of knowledge, the court also finds that it was cured by her later answers.

ii. Hearsay Objections

The defendants object to Dr. Richardson's statements that recount the

---

[5]*See* page 26, line 5; page 28, line 11; page 29, line 22; page 30, line 2; page 35, lines 2, 15, 23;

[6]The court will discuss the defendants' hearsay objections later in this opinion.

[7]*See* page 39, line 10; pages 40-42.

results of Roger Harper's functional capacity evaluation tests on hearsay grounds. *See* page 26, lines 5-10. Dr. Richardson's preceding testimony, however, indicates that she ordered the performance of the evaluation as part of her treatment of him. *See* page 25, lines 2-8. Her testimony about Roger Harper's evaluation therefore stems from her knowledge of his condition, not from the record of the evaluation itself, and pertains to her own continuing evaluation of him as a patient. The court will overrule this objection.

The defendants also claim that the discussion on pages 39 to 42 of Dr. Richardson's deposition is inadmissible hearsay. The court assumes that the defendants' objection is directed at the references by the plaintiffs' counsel to the plaintiffs' medical bills. However, the statements as to the amount of the plaintiffs' bills are not presented for the truth of the matter asserted (that is, that the plaintiffs owe the stated sum of money). Rather, these assertions are introduced only to allow Dr. Richardson to assess the reasonableness of the stated amounts, and they are therefore not hearsay. As with Dr. McDonald's deposition, the court will overrule all of the defendants' objections to the deposition of Dr. Richardson except to the extent that their objections have been sustained by agreement.

**II. Motion in Limine**

The defendants' motion in limine seeks to exclude the following exhibits the plaintiff intends to present at trial: (1) a medical expense summary; (2) a future medical expense summary; (3) a wage loss summary; and (4) a summary of Roger

6

Harper's impairment to his ability to labor and earn money.[8] Fed. R. Evid. 1006 permits a party to introduce the contents of voluminous writings or records "which cannot conveniently be examined in court . . . in the form of a chart, summary, or calculation."  Although not expressly stated by the rule, the proponent of the summary must establish that the underlying writings or records are themselves admissible in evidence, since otherwise this rule would tend to become a vehicle for the avoidance of all other evidentiary limitations.  *White Indus., Inc. v. Cessna Aircraft Co.*, 611 F. Supp. 1049, 1070 (W.D. Mo. 1985) (citations omitted).

The defendants' objection to the introduction of the plaintiffs' summaries is

---

[8]In their motion in limine, the defendants also seek to exclude the plaintiffs' Exhibits 5, 7, 9, and 15. This motion in limine was originally filed on October 27, 2006, in preparation for a trial of this case that was to begin on October 30, 2006. This trial was continued until February 20, 2007, and the motion in limine went unresolved.  At a telephonic pre-trial conference held on January 19, 2007, however, the defendants indicated that they wished for the court to rule on their motion.  The court ordered the plaintiffs to respond to the motion; the plaintiffs did so on January 22, 2007; and the defendants filed a timely reply.  The defendants' reply, however, does not mention any objections they may have to Exhibits 5, 7, 9, and 15; it focuses solely on Exhibits 1, 2, 3, and 4. Further, the plaintiffs' Exhibits 5 and 15 (purportedly "Payroll records from Dry Ice" and "Defendant Driver Logs," respectively) are not the medical summary and medical reports by which the defendants describe them.  In light of these developments, the court is inclined to believe that the defendants have withdrawn their three-month-old motion in limine to Exhibits 5, 7, 9, and 15.

Even if this were not the case, the court would deny the defendants' objections to Exhibits 5, 7, 9, and 15 on the record as it currently stands.  The defendants' objection to Exhibit 5, on the ground that it is a lawyer-prepared summary, is not well-taken because this exhibit does not appear to be a summary.  The defendants also object to Exhibits 7, 9, and 15 as inadmissible hearsay.  The plaintiffs claim that these documents are admissible pursuant to numerous hearsay objections, particularly the business-records exception.  *See* Fed. R. Evid. 803(6). The court therefore will not exclude these records without giving the plaintiffs an opportunity to lay a foundation for their admissibility.

that the information summarized is drawn from inadmissible evidence. In support, the defendants claim that the plaintiff's medical expense summary (Exhibit 1) is based in part on expenses related to Roger Harper's treatment for his shoulder, neck, and elbow problems. The defendants also assert that the record in this case conclusively demonstrates that these ailments were not caused or otherwise exacerbated by the accident at issue in this action. According to this logic, any medical expenses related to treatment for these conditions are therefore irrelevant and inadmissible. For these same reasons, the defendants contend that the plaintiffs' other summaries (Exhibits 2, 3, and 4) are also inadmissible.

The record does not support the defendants' arguments. Causation is one of the key issues in this case, and although the defendants have presented evidence which shows that the accident at issue did not cause or aggravate the plaintiffs' medical problems, the plaintiffs have put forth evidence suggesting the opposite. Granting the defendants' motion would essentially require the court to find as a matter of fact that Roger Harper's neck, elbow, and shoulder problems were not caused by the accident in question. This the court declines to do, as such a finding is within the province of the jury, not the court.

Because the records and writings underlying the plaintiffs' summaries are probative of the damages the plaintiffs claim they incurred as a result of the defendants' actions, they are relevant. Since the defendants present no ground other than relevance for the inadmissibility of the documents underlying the

plaintiffs' summaries, the court will deny the defendants' motion in limine.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the defendants' objections to the depositions of Drs. McDonald and Richardson (DE 100) are **SUSTAINED IN PART** and **OVERRULED IN PART**. The defendants' objections are **SUSTAINED BY AGREEMENT** with respect to (1) all material from page 46, line 3 through page 46, line 24 of Dr. McDonald's deposition; (2) all material from page 87, line 22 through page 89, line 11 of Dr. McDonald's deposition; and (3) all material from page 73, line 16 through page 74, line 21 of Dr. Richardson's deposition. The remainder of the defendants' objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that the defendants' motion in limine (DE 98) is **DENIED**.

Signed on  February 12, 2007

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**

9