UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY 07 FEB 23 PM 4: 00
LOUISVILLE DIVISION

CIVIL ACTION NO. 04-260-C

ROGER HARPER and
DEBBIE HARPER,                                                            PLAINTIFFS,


VS.                                    JURY INSTRUCTIONS


GARY GRIGGS and
CRETE CARRIER CORPORATION,                                    DEFENDANTS.

* * * * * * * * * *

MEMBERS OF THE JURY, now that you have heard all of the evidence and arguments of the attorneys, it is my duty to instruct you on the law applicable to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.

INSTRUCTION NO. 1

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the Instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as an individual. The law is no respecter of persons; all persons, including individuals, corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law and are to be dealt with as equals in a court of justice.

INSTRUCTION NO. 2

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.  The term "Evidence" includes the sworn testimony of the witnesses, the exhibits admitted in the record, and all facts which were admitted or stipulated.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

INSTRUCTION NO. 3

There are two types of evidence you may consider.  One is direct evidence--such as testimony of an eyewitness.  The other is indirect or circumstantial evidence--the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts.  The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

INSTRUCTION NO. 4

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to a witness's testimony.  In weighing the testimony of a witness you should consider the witness's relationship to the plaintiff or to the defendant; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

INSTRUCTION NO. 5

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

INSTRUCTION NO. 6

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

INSTRUCTION NO. 7

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, of if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

INSTRUCTION NO. 8

Certain testimony has been presented to you through deposition.  A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned certain witnesses under oath.  A court reporter was present and recorded the testimony.  The questions and answers were read, or shown, to you during the trial.  This deposition testimony is entitled to the same consideration, and is to be judged by you as to credibility, as if the witness had been present and had testified from the witness stand here in court.

INSTRUCTION NO. 9

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue in this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

INSTRUCTION NO. 10

The burden is on the plaintiffs, Roger Harper and Debbie Harper, to prove every essential element of their claims by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of the plaintiffs' claims by a preponderance of the evidence, the jury should find for the defendant as to that claim.

## INSTRUCTION NO. 11

It was the duty of Gary Griggs in driving his automobile to exercise "ordinary care" for the safety of other persons using the highway, and this general duty included the following specific duties:

(a) to keep a lookout ahead, as he was driving, for persons in or so near his expected lane of travel as to be in danger of collision, and not to follow another vehicle more closely than was reasonable and prudent, having regard for the speed of the respective vehicles and for the traffic upon and condition of the highway;

(b) to have his vehicle under reasonable control;

(c) to drive at a speed no greater than was reasonable and prudent, having regard for the traffic and for the condition and use of the highway, and not exceeding 55 miles per hour;

(d) to sound his horn as a warning to Roger Harper if you are satisfied from the evidence that such precaution was required by the exercise of ordinary care; and

(e) to exercise ordinary care generally to avoid collision with other persons and vehicles on the highway, including the vehicle of Roger Harper.

If you are satisfied from the evidence that Gary Griggs failed to perform one or more of these duties and that such failure was a "substantial factor" in causing the collision with Roger Harper's automobile, you will find for Roger Harper against Gary Griggs; otherwise, you will find for Gary Griggs.

If you believe by a preponderance of the evidence that Gary Griggs failed to comply with his duty to exercise ordinary care and that such failure was a

substantial factor in causing the accident, you must answer "YES" to Interrogatory No. 1.

If you believe by a preponderance of the evidence that Gary Griggs complied with his duty to exercise ordinary care or that any failure by him to exercise ordinary care was not a substantial factor in causing the accident, you must answer "NO" to Interrogatory No. 1.

INSTRUCTION NO. 12

As used in these instructions, "ordinary care" means such care as you would expect an ordinarily prudent person to exercise under similar circumstances.

As used in these instructions, "substantial factor" refers to whether a person's conduct had such an effect in producing harm as to lead reasonable persons to regard his conduct as a cause of the harm.  This designation is intended to separate a "substantial factor" from the many other events or actions without which the harm would not have occurred but which, because of their insignificant contribution to harm, would not be thought of as causes of the harm by the ordinary mind.

## INSTRUCTION NO. 13

The defendant, Crete Carrier Corporation, is sued as principal and the defendant, Gary Griggs, is sued as the principal's agent.  The defendant admits that this agency relationship exists.

If you find Gary Griggs is liable, then you must find the principal, Crete Carrier Corporation, is liable.  If you find that Crete Carrier Corporation is liable, you must then answer "YES" to Interrogatory No. 2.

If you find Gary Griggs is not liable, then you must find the principal, Crete Carrier Corporation, is not liable.  If you find that Crete Carrier Corporation is not liable, you must then answer "NO" to Interrogatory No. 2.

INSTRUCTION NO. 14

It was the duty of Roger Harper in driving his automobile to exercise "ordinary care" for the safety of other persons using the highway, and this general duty included the following specific duties:

(a) to keep a lookout ahead and to the rear for other vehicles near enough to be affected by the intended movement of his automobile;

(b) not to stop his vehicle or leave it standing on the main-traveled portion of the highway unless it was reasonably necessary in order to avoid conflict with other traffic;

(c) not to drive his vehicle at such a slow speed as to impede or block the normal and reasonable movement of other traffic unless it was reasonably necessary for safe operation, having regard for the traffic and for the condition and use of the highway; and

(d) to exercise ordinary care generally to avoid collision with other persons and vehicles on the highway, including the vehicle of Gary Griggs.

If you believe by a preponderance of the evidence that Roger Harper failed to comply with his duty to exercise ordinary care and that such failure was a substantial factor in causing the accident, you must answer "YES" to Interrogatory No. 3.

If you believe by a preponderance of the evidence that Roger Harper complied with his duty to exercise ordinary care or that any failure by him to exercise ordinary care was not a substantial factor in causing the accident, you must answer "NO" to Interrogatory No. 3.

INSTRUCTION NO. 15

You shall determine from the evidence and enter on Interrogatory No. 6

what percentage of total fault is attributable to Roger Harper and Gary Griggs.  In

determining the percentage of fault, you shall consider the nature of the conduct

of Roger Harper and Gary Griggs, as well as the extent of the causal relation

between those parties' respective conduct and the damages claimed.

INSTRUCTION NO. 16

If you find that the defendants are liable to the plaintiffs, then you must determine an amount that is fair compensation for all of the plaintiffs' damages. These damages are called compensatory damages.  The purpose of compensatory damages is to make the plaintiffs whole – that is, to compensate the plaintiffs for the damage that they have suffered.

You may award compensatory damages only for injuries or conditions that the plaintiffs prove by a preponderance of the evidence were proximately caused by the defendants' allegedly wrongful conduct.  Your verdict should include compensation for losses causally related to a preexisting condition to the extent, if any, such condition was activated or aggravated by the accident or the resulting treatment.  You should not award compensatory damages for speculative injuries, but only for those damages which the plaintiffs have actually suffered or that the plaintiffs are reasonably likely to suffer in the future.

If you award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guess-work.  On the other hand, the law does not require that the plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

INSTRUCTION NO. 17

If you find for Roger Harper, you will determine from the evidence and award him in Interrogatory No. 4 a sum of money that will fairly compensate him for whatever necessary and reasonable expenses for medical services you believe from the evidence he has incurred or is reasonably certain to incur hereafter as a direct result of his injuries.

If you find for Roger Harper, you will also determine from the evidence and award him in Interrogatory No. 4 a sum of money that will fairly and reasonably compensate him for whatever physical or mental suffering you believe from the evidence he has sustained or is reasonably certain to endure hereafter as a direct result of his injuries.

If you find for Roger Harper, you will also determine from the evidence and award him in Interrogatory No. 4 a sum of money that will fairly and reasonably compensate him for such loss of wages and income as you believe from the evidence he sustained directly by reason of his injuries.  You will also determine from the evidence and award him in Interrogatory No. 4 a sum of money that will fairly and reasonably compensate him for such loss or impairment of his power to earn money in the future as you believe from the evidence he has suffered directly by reason of his injuries.

INSTRUCTION NO. 18

If you find for Roger Harper, you will determine from the evidence and award Debbie Harper a sum of money that will fairly and reasonably compensate her for whatever loss of services, assistance, aid, society, companionship, and conjugal relationship of her husband you believe from the evidence she has sustained or is reasonably certain to sustain in the future as a direct result of Roger Harper's injuries.

INSTRUCTION NO. 19

You should not interpret the fact that I have given you instructions concerning the issue of the plaintiffs' damages as an indication that I believe the plaintiffs should, or should not, prevail in this case.  It is your task first to decide whether the defendants, Gary Griggs and Crete Carrier Corporation, are liable.  I am instructing you on damages only so that you will have guidance in the event you decide that the defendants are liable and that the plaintiffs are entitled to recover damages from them.

INSTRUCTION NO. 20

Nothing said in these instructions and nothing in any form or verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

INSTRUCTION NO. 21

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 22

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A form of verdict has been prepared for your convenience.  You will take the verdict form and these jury instructions to the jury room.  When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the verdict form, date and sign it, and then advise the Court Security Officer that you are ready to return to the courtroom.  However, do not give your verdict form the Court Security Officer or to anyone else until I so direct you here in the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the Court Security Officer who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your verdict or how your vote stands numerically at the time.  That should stay secret until you are finished.