UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 04-260-C**

**ROGER HARPER and**
**DEBBIE HARPER,** **PLAINTIFFS,**

**V.** **MEMORANDUM OPINION AND ORDER**

**GARY GRIGGS and**
**CRETE CARRIER CORPORATION,** **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion to alter, amend, or vacate and for new trial (DE 139). The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

This action arises out of an automobile accident in which a truck driven by the defendant, Gary Griggs, collided with a truck driven by the plaintiff, Roger Harper. At the time of the accident, Griggs was employed by Crete Carrier Corporation ("Crete"). Roger Harper and his wife, Debbie Harper, filed various tort claims against Griggs and Crete, and their claims were tried before a jury from February 20, 2007, through February 23, 2007. The jury found that Gary Griggs was 100% at fault in causing the accident and returned a verdict in favor of the plaintiffs. The jury awarded the plaintiffs the amount of $133,000, which consisted of: (a) $10,000 for Roger Harper's past and future medical expenses; (b) $10,000 for Roger Harper's past and future physical and mental suffering; (c) $20,000 for Roger Harper's past loss of wages and income; and (d) $93,000 for the impairment of Roger Harper's power to earn money in the future.

In support of their motion to alter, amend, or vacate, the plaintiffs claim that the judgment entered on February 28, 2007, incorrectly identifies the plaintiffs as Roger and Debbie Griggs instead of Roger and Debbie Harper. The court has amended the judgment to reflect the correct names of the plaintiffs, and it will therefore deny as moot this portion of the plaintiffs' motion.

The plaintiffs also argue that a new trial is warranted on the issue of damages for two reasons. First, they claim that a question received from the jury inquiring as to whether Roger Harper paid the medical expenses he incurred ($70,535) "out-of-his-pocket" shows that the jury was unwilling to pay Roger Harper the damages to which he was entitled. Contrary to the plaintiffs' claims, the mere assertion of such a question, without more, is not evidence of an "improper motive" on the jury's part. Moreover, the court instructed the jury that it was not permitted to answer the question and that the jury had all of the information that it needed to reach a verdict. The court expressly asked the parties if they had any objections to the court's response and they stated on the record that they did not. Having agreed to the court's resolution of this issue during deliberations, the plaintiffs cannot now allege that the question itself is evidence of the jury's bias or improper motive.

Second, the plaintiffs assert that the damages awarded by the jury are against the clear weight of the evidence.

> A court may set aside a verdict and grant a new trial when it is of the
> opinion that the verdict is against the clear weight of the evidence;

> however, new trials are not to be granted on the grounds that the verdict was against the weight of the evidence unless that verdict was unreasonable. Thus, if a reasonable juror could reach the challenged verdict, a new trial is improper.

*Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 528-29 (6th Cir. 2005) (quoting *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820-21 (6th Cir. 2000)). A district court should not grant a motion for a new trial merely because different inferences and conclusions could have been drawn or because other results are more reasonable. *McDonald v. Petree*, 409 F.3d 724, 728 (6th Cir. 2005).

Having reviewed the evidence presented at trial, the court finds that the jury's verdict was not against the clear weight of the evidence. The plaintiffs correctly note that the jury rejected the defendants' arguments as to *liability*. However, Griggs and Crete also put forth evidence that the bulk of the *damages* suffered by the plaintiffs were not *caused* by the accident involving Roger Harper and Gary Griggs. For example, the defendants presented proof that the accident was a low-speed collision; that Roger Harper's neck and elbow problems were conditions that pre-dated the accident; that Roger Harper reported no injury for some time following the accident; and that Roger Harper has exaggerated the degree to which his medical condition impairs his ability to earn a living and pursue leisure activities. The jury's verdict suggests that, while it believed that some of Roger Harper's damages resulted from the accident, it did not believe that they were caused entirely by the accident. Such a finding is not unreasonable based on the evidence adduced at trial. Thus, despite the fact that the jury concluded that

Gary Griggs was entirely at fault in causing the accident, its failure to award the plaintiffs the full amount of their claimed damages was not against the clear weight of the evidence.  Accordingly,

**IT IS ORDERED** that the plaintiffs' motion (DE 139) is **DENIED**.


Signed on  April 5, 2007

**Jennifer B. Coffman, Judge**
**United States District Court**

4