UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 04-260-C**

**ROGER HARPER and**
**DEBBIE HARPER,** **PLAINTIFFS,**

**V.** **MEMORANDUM OPINION AND ORDER**

**GARY GRIGGS and**
**CRETE CARRIER CORPORATION,** **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion for an award of costs (DE 141) and the plaintiffs' bill of costs (DE 146). The court, having reviewed the record and being otherwise sufficiently advised, will order the defendants to pay the plaintiffs' costs in the amount of $10,358.18.

**I. Factual Background**

This action arises out of an automobile accident in which a truck driven by the defendant, Gary Griggs, collided with a truck driven by the plaintiff, Roger Harper. At the time of the accident, Griggs was employed by Crete Carrier Corporation ("Crete"). Roger Harper and his wife, Debbie Harper, filed various tort claims against Griggs and Crete.

On October 10, 2006, the defendants submitted, pursuant to Fed. R. Civ. P. 68, an offer of judgment to the plaintiffs in the amount of $250,000, with costs accrued to date. The plaintiffs did not accept the defendants' offer, and this case was tried before a jury from February 20, 2007, through February 23, 2007. The jury found that Gary Griggs was 100% at fault in causing the accident and returned

a verdict in favor of the plaintiffs in the amount of $133,000. The court entered judgment in favor of the plaintiffs in that amount on February 28, 2007; this judgment was later amended to correct a clerical error on March 28, 2007.

On March 30, 2007, the defendants filed the motion for an award of costs that is currently at issue, in which they request that the specified costs be offset against the judgment in favor of the plaintiffs. The plaintiffs filed a response objecting to the defendants' motion, and they filed their own bill of costs on April 18, 2007.

**II. Legal Analysis**

Fed. R. Civ. P. 68 provides as follows:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. . . . An offer not accepted shall be deemed withdrawn . . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.[1]

In other words, if an offeree does not accept an offer of judgment within ten days, then even if he eventually prevails in the litigation, he will be forced to pay his own and the defending party's post-offer costs if his victory is not more favorable than

---

[1] On April 30, 2007, the United States Supreme Court entered an order adopting and amending the Federal Rules of Civil Procedure, including Rule 68. *See* Orders of the Supreme Court of the United States Adopting and Amending Rules and Forms, C.O. 30 (2007). Because this order, by its terms, does not take effect until December 1, 2007, and the changes to Rule 68 are "intended to be stylistic only," the court will refer to the current format of Rule 68 and the case law interpreting it in resolving this matter.

the offer. *Pouillon v. Little*, 326 F.3d 713, 718 (6th Cir. 2003).

The plaintiffs do not appear to dispute that the defendants' offer of judgment was valid pursuant to Rule 68; that they did not accept the offer; that their recovery was less than the amount offered by the defendants; and that they therefore must pay some of the defendants' costs. The plaintiffs' only objection is to the amount of the costs claimed by the defendants. Specifically, they claim that two categories of the defendants' costs – the fees charged by defense expert witness Michael J. Moskal, and the expenses associated with defense counsel's travel to Louisville, Kentucky for the trial of this case and the meals and lodging bills incurred by Mr. Griggs and defense counsel while in Louisville – are not compensable as costs in the amounts claimed by the defendants even in light of the defendants' offer of judgment.

The costs which are subject to the cost-shifting provisions of Rule 68 are those enumerated in 28 U.S.C. § 1920, unless the substantive law applicable to the particular cause of action expands the general § 1920 definition. *Phillips v. Bartoo*, 161 F.R.D. 352, 354 (N.D. Ill. 1995) (quoting *Parkes v. Hall*, 906 F.2d 658, 660 (11th Cir. 1990)). Thus, without a specific underlying statute authorizing any other types of "costs" not listed in § 1920, only the six types of costs listed in § 1920 are "taxable costs" included in Rule 68. *Phillips*, 161 F.R.D. at 354. As neither party claims that a substantive statute providing for the shifting of attorneys' fees is applicable in this action, the court's determination of allowable

3

costs is limited by § 1920.

Although § 1920 includes "[f]ees and disbursements for . . . witnesses" as allowable costs, the Sixth Circuit recently held that "expert witness fees may not be taxed as costs at a court's discretion . . . because § 1920 does not provide for them." *L & W Supply Corp. v. Acuity*, 475 F.3d 737, 741 (6th Cir. 2007). The Court of Appeals did find, however, that a party may recover costs for the appearance of expert witnesses as provided for in 28 U.S.C. § 1821. *Id.* Since § 1821 allows witnesses an attendance fee of $40 per day, and Dr. Moskal appeared for one day of the trial of this action, the court will require the plaintiffs to pay the defendants $40 for Dr. Moskal's attendance fee.

As for the travel, meal, and lodging bills of Mr. Griggs and defense counsel, the court finds that these expenses are most reasonably construed as attorneys' fees. *See Citizens Against Pollution v. Ohio Power Co.*, __ F. Supp. 2d __, 2007 WL 1098547, at *11 (S.D. Ohio Apr. 12, 2007) ("The Sixth Circuit has stated that . . . a court's authority to award reasonable attorney's fees includes the 'authority to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services [such as] . . . reasonable photocopying, paralegal expenses, and travel and telephone costs.'") (quoting *Northcross v. Bd. of Educ.*, 611 F.2d 624, 639 (6th Cir. 1979)). Since attorneys' fee are not considered "costs" within the meaning of Rule 68 unless classified as such under a statute substantively at issue in the case,

4

*Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 314 (6th Cir. 1997), the court finds that these meal, lodging, and travel costs may not be recovered by the defendants pursuant to their Rule 68 offer of judgment.

§ 1920 does, however, allow a party to tax as costs the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." The defendants request that the plaintiffs compensate them for the expenses occurred in obtaining the trial transcript of the testimony of Larry Brogdon ($181.50) and the deposition transcript of Ernest McKissic ($202.54), which was read into evidence at trial. The court finds that these transcripts were necessarily obtained for use at trial and will therefore require the plaintiff to compensate the defendants for these costs.

Based on the above discussion, the court determines that the plaintiffs must pay the defendants' costs in the amount of $424.04 as a result of the defendants' offer of judgment. This does not end the court's inquiry, however, because the plaintiffs have also filed a bill of costs with the court, to which the defendants object. The defendants claim that, because they made an offer of judgment that the plaintiffs rejected, and the plaintiffs failed to recover more than the amount offered, the plaintiffs are not entitled to an award of costs.

In general, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R .Civ. P. 54(d). The defendants argue that the plaintiffs' failure to recover more than the offered

amount of $250,000 denies them status as a prevailing parties as defined by Rule 54(d). This argument was rejected in *Zackaroff v. Koch Transfer Co.*, 862 F.2d 1263, 1265-66 (6th Cir. 1988), in which the Court of Appeals held that a plaintiff who recovered a judgment from a defendant could be awarded costs incurred *prior* to the date of an offer by a defendant which was more favorable than the judgment actually recovered by the plaintiff. Thus, while the plaintiffs may not recover any of the costs incurred after the defendants submitted their offer of judgment, they are entitled to the payment of any costs incurred before that date.

Although none of the items in the bill of costs that the plaintiffs filed with the court are dated, the plaintiffs have represented to the court that only two of these items (totaling $1,789.80) were incurred after the defendants served their offer of judgment. *See* DE 148. Other than their comprehensive objection to the plaintiffs' entitlement to costs, the defendants have not objected to the plaintiffs' bill of costs. Therefore, after deducting the $1,789.80 in costs that the plaintiffs admit were incurred after the offer of judgment was made, the plaintiffs are entitled to reimbursement of $10,782.22 of claimed costs. When this figure is offset against the $424.04 that the plaintiffs' owe to the defendants as a result of the offer of judgment, the court ultimately finds that the defendants must pay $10,358.18 in costs to the plaintiffs. Accordingly,

**IT IS ORDERED** that the defendants' motion for an award of costs (DE 141) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the defendants shall pay to the plaintiffs the amount of $10,358.18 as compensation for the costs incurred by the plaintiffs before the defendants' offer of judgment.

Signed on  June 1, 2007

**Jennifer B. Coffman, Judge**
**United States District Court**